## JOHN CARROLL et al. v. STATE.

No. A-5105.   Opinion Filed May 9, 1925.
(235 Pac. 935.)

(Syllabus.)

**Evidence—Evidence Procured by Illegal Search Inadmissible.** A search and seizure without a search warrant, coupled with an arrest on suspicion merely, under the circumstances recited in the opinion, are unauthorized, and evidence procured thereby is inadmissible.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

John Carroll and George Hughley were convicted of the illegal possession of intoxicating liquor, and they appeal.   Reversed and remanded.

M. D. Hartsell, for plaintiffs in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J.   Plaintiffs in error John Carroll and George Hughley, herein referred to as the defendants, were jointly convicted in the county court of Muskogee county of having illegal possession of two gallons of whisky, with the punishment of each assessed at a fine of $300 and 4 months' imprisonment in the county jail.

The evidence discloses that the defendants were riding in an automobile, and, as they were approaching the front of defendant Carroll's residence, certain peace officers apprehended the defendants, searched the car, and seized a quantity of whisky there in defendants' possession.   The defendants were placed under arrest and taken to jail.   This was done without a search warrant or warrant for the arrest of the defendants.

The defendants complain that this conviction rests upon evidence, introduced over their objections, obtained by an unauthorized search and seizure.   The Attorney Gen-

eral has filed a confession of error, which is in part as folows:

"It cannot be fairly said that this crime was committed in the presence of the officers, for the reason that the officers first saw the defendants drive around the corner and come down the street and stop in front of their own house, and the officers could not have known of their own knowledge whether or not the car contained any liquor. It is observed that Mr. Morgan, the deputy sheriff, testified that he never saw any whisky in the car and never saw any at all until it was in the hands of Mr. Jackson, another officer. And Mr. Watts, a deputy sheriff, testified that the first he saw of the liquor was when it was pushed out of the side of the car. We admit that if these officers had been standing nearby and had seen defendants expose to view the two jugs of whisky there might have been probable cause for searching the car. But in this case these officers testified that they deliberately went to this place for the purpose of searching defendant's car, and they were acting even then only on suspicion. We base this confession of error upon the ground that this search and seizure was illegal, for the reason that these officers acted without authority of law, because they did not procure a search warrant before making this arrest and seizure."

The confession of error is well taken.

The judgment of the trial court is therefore reversed, and the cause remanded.

DOYLE and EDWARDS, JJ., concur.